UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, | ) | C/A No. 5:16-cv-03314-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| State of South Carolina, and | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case is before the court on a pro se Complaint filed by a state prison inmate.[1] Shaheen Cabbagestalk ("Plaintiff") filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. Plaintiff's Motion should be denied and his Complaint should be dismissed if he fails to timely pay the full filing fee because Plaintiff is subject to the "three-strikes" rule of the Prison Litigation Reform Act (PLRA), and he does not allege that he is under imminent danger of serious physical injury.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. However, Plaintiff should be aware that all civil lawsuits brought by

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court.

prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Perry Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). In the civil Complaint now under review, he appears to be attempting to file a bankruptcy petition to obtain relief from a $7688.03 debt, which is not possible in this court. If Plaintiff wishes to file a bankruptcy case, he should contact the United States Bankruptcy Court for the District of South Carolina—a separate judicial entity from this court. The address for the Columbia Division of that separate court is United States Bankruptcy Court, District of South Carolina, J. Bratton Davis U.S. Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina 29201-2423. That court's internet website contains specific information and guidance to potential litigants about filing for bankruptcy without a lawyer. Forms for use by pro se litigants are also provided on the website. *See* http://www.scb.uscourts.gov/prose_debtors.html (last consulted Nov. 17, 2016).

Plaintiff has now filed 20 non-habeas civil actions in this court since May 2006. This court may take judicial notice[2] of the three civil actions filed by Plaintiff in which a "strike" has been entered because the civil actions were finally dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Cabbagestalk v. Headquarters Classifications*, No. 3:08-cv-03982-SB; *Cabbagestalk v. Richstad*, No. 3:09-cv-01834-SB; *Cabbagestalk v. SC Bar Head Person of Establishment*, No. 5:13-cv-03037-RMG. In light of Plaintiff's prior strikes, he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g); *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013); *McLean v. United States,* 566 F.3d 391, 397 (4th Cir. 2009); *Green v. Young*, 454 F.3d at 407. This Complaint does not fit within this exception to enable Plaintiff to proceed *in forma pauperis* because

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

Plaintiff does not allege that he is in imminent danger of serious physical injury as a result of the debt or from his desire to file a bankruptcy action. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. <u>If Plaintiff timely pays the filing fee, his Complaint will still be subject to review by the undersigned to determine if service of process should be authorized</u>.

Moreover, even if Plaintiff were not struck out, the Complaint filed in this case fails to state a plausible claim for relief in this court because, as previously noted, this court is not the proper court in which to file a bankruptcy case. If Plaintiff wishes to file for bankruptcy protection, he must submit the required petition and other supporting documents with the Bankruptcy Court at the address provided above.

### Recommendation

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given 15 days from the date the district judge rules on this Report to pay the filing fee (currently $350) plus a $50 administrative fee for a total fee due of $400, <u>and that the Office of the Clerk of Court withhold entry of judgment until such time expires</u>. If Plaintiff fails to pay the filing fee within the time permitted, it is further recommended that the Complaint be dismissed without prejudice under the "three-strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the fifteen-day period permitted for payment of the filing fee.

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

November 18, 2016                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).